IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL R. GARDNER, II, ) | |
| AIS #107989, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-1063-WKW |
| ) | |
| LEON FORNISS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

On February 6, 2008, the plaintiff filed a document in which he seeks to amend the instant civil complaint to name as defendants the Department of Veterans Affairs, the Veterans Administration and the Office of Veterans Disability Benefits. Specifically, the plaintiff seeks to challenge the 1978 decision of the Department of Veterans Affairs to discontinue his veterans' benefits. The court therefore construes this document to contain a motion for leave to amend.

The decision about which the plaintiff complains is not subject to review by this court. The Secretary of the Department of Veterans Affairs or his designee is empowered by Congress to "decide all questions of law and fact necessary to a decision ... that affects the provision of benefits by the Secretary [or his designee] to veterans.... [T]he decision of the Secretary [or his designee] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the

nature of mandamus or otherwise." 38 U.S.C. § 511(a). The primary purposes of this section [and its precursor, 38 U.S.C. § 211,] are to insure that veterans' benefits claims do not burden the courts and the Department of Veterans Affairs with expensive and time-consuming litigation, and to insure that technical and complex determinations and applications of the Department's policy connected with veterans' benefits decisions are adequately and uniformly made. *Johnson v. Robinson*, 415 U.S. 361, 366-374, 94 S.Ct. 1160, 1165-1169 (1974).

The law is well settled that the provisions of 38 U.S.C. § 511 preclude federal courts from reviewing decisions of the Department of Veterans Affairs with respect to a veteran's entitlement to veterans' benefits. *Slater v. United States*, 175 Fed. Appx. 300, 305 n.2 (11th Cir. 2006) (federal courts "have no jurisdiction over any decisions of law or fact necessary to the provision of benefits by the [Department of Veterans Affairs] to veterans or the dependents or survivors of benefits.... In fact, the exclusive avenue for redress of veterans' benefits determinations is an appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit. *See Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000)."); *Hall v. United States Department of Veterans Affairs*, 85 F.2d 532, 533-534 (11th Cir. 1996) ( "38 U.S.C. § 511(a) ... vests decisions affecting veterans' benefits in the Secretary of Veterans Affairs... Judicial review of a particular application of law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board [of Veterans' Appeals, whose ruling becomes

the final decision of the Secretary], then to the Court of Veterans Appeals, [whose decision is solely appealable to United States Court of Appeals for] the Federal Circuit ... [The judgement of the Federal Circuit Court is then subject to review by the United States] Supreme Court [by writ of certiorari]."); *Anderson v. Veterans Administration*, 559 F.2d 935 (5th Cir. 1977) (holding that prior section 38 U.S.C. § 211(a), which Congress subsequently renumbered as 38 U.S.C. § 511(a), prevented the court from exercising jurisdiction over a veteran's claim challenging a determination of benefits). Thus, this court is without jurisdiction to hear claims by the plaintiff which challenge adverse benefit decisions issued by the Department of Veterans Affairs.

In light of the foregoing, it is

ORDERED that the motion for leave to amend be and is hereby DENIED.

Done this 7th day of February, 2008.

                    /s/ Susan Russ Walker
                    SUSAN RUSS WALKER
                    UNITED STATES MAGISTRATE JUDGE